THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY LANAS, ) | |
| ) | No. 22 CV 4375 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMIE RHEE, in her official capacity ) | |
| as Commissioner of the Chicago Department of ) | |
| Aviation, and City of Chicago, as indemnitor, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, RICKY LANAS ("Plaintiff"), by and through his attorney, MICHAEL T. SMITH & ASSOCIATES, in complaining of the defendants, JAMIE RHEE, in her official capacity as Commissioner of the Chicago Department of Aviation, and City of Chicago ("CDA"), as indemnitor collectively referred to as ("Defendants"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") for CDA discriminating against Plaintiff on the basis of her disability and gender and failing to provide reasonable accommodations for his disabilities, and retaliating against his for filing a charge of discrimination with the EEOC.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois.

4. Plaintiff filed his charge of discrimination against August 2, 2021, with the Equal Employment Opportunity Commission see (Exhibit A). Thereafter, Plaintiff was sent a notice of his right to sue on that charge (Exhibit B). Thereafter, Plaintiff timely filed this lawsuit with the United States District Court of the Northern District of Illinois.

## PARTIES

5. Plaintiff is an adult, male individual who has been diagnosed with the recognized disabilities by multiple surgeries and a physical disorder of Asthma and Thyroid Disease and is a resident of Chicago, State of Illinois.

6. CDA is the duly appointed and sworn Security Employee at O'Hare airport, City of Chicago. The CDA is a unit of local government, organized under Illinois law.

7. Chicago is a municipality organized under Illinoislaws and is a necessary party to this complaint for purposes of indemnifying CDA.

8. At all times relevant to the allegations herein, CDA was an "employer" of Plaintiff as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5) and Title VII, 42 U.S.C. § 2000e(b).

9. At all times relevant to the allegations herein, Plaintiff was an "employee" of CDA as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4) and Title VII, 42 U.S.C. § 2000e(f).

## FACTUAL ALLEGATIONS

10. Plaintiff's diagnosed with the recognized disabilities by multiple surgeries and a physical impairment disorder of the right wrist substantially limit him in major life activities

including, but not limited to, concentrating, thinking, socially interacting, and regulating emotions.

11. Plaintiff began employment with CDA on or around April 7, 2008.

12. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of CDA.

13. At all times relevant to the allegations herein, CDA was aware of Plaintiff's disabilities.

14. Since at least May 11, 2021, Plaintiff has been subjected to a hostile work environment by his supervisor.

## COUNT I
## (ADA – DISCRIMINATION/FAILURE TO ACCOMMODATE)

15. Plaintiff re-alleges paragraphs 1 through 14 and incorporates them as if fully set forth herein.

16. Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

17. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

18. The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

19. By its conduct as alleged herein, CDA discriminated against Plaintiff on the basis of his disability by subjecting him to a hostile work environment and failing to provide him with the requested accommodations

20. As a result of CDA's actions, Plaintiff has suffered aggravation of his disabilities and considerable emotional distress and anxiety.

21. CDA's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

22. Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

**WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:**

    a. **Injunctive relief;**

    b. **Any lost wages and other economic damages;**

    c. **Compensatory damages for pain and suffering;**

    d. **Attorneys' fees and costs incurred in this action;**

    e. **Such other relief as is just and equitable.**

## COUNT II
## (ADA - RETALIATION)

23. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them as if fully set forth herein.

24. The ADA makes it unlawful for an employer to retaliate against an employee for engaging in protected activity by protesting acts of ADA discrimination occurring in the workplace.

25. By its conduct as alleged herein, CDA retaliated against Plaintiff for alleging he has been discriminated with the CDA when it subjected him to a a denial of an accommodation and then a hostile work environment.

4

26. As a result of CDA's actions, Plaintiff has suffered emotional distress and anxiety.

27. CDA's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation for engaging in protected activity.

28. Plaintiff demands to exercise his right to a jury trial of this matter.

### PRAYER FOR RELIEF AS TO COUNT II

**WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:**

    a. **Injunctive relief;**

    b. **Any lost wages and other economic damages;**

    c. **Compensatory damages for pain and suffering;**

    d. **Attorneys' fees and costs incurred in this action;**

    e. **Such other relief as is just and equitable.**

### COUNT II
### (RACE DISCRIMINARTION)

29. Plaintiff re-alleges paragraphs 1 through 28 and incorporates them as if fully set forth herein.

30. Plaintiff, brings this action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia,</u> the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., for the failure to treat her the same as non-Caucasian employees despite Plaintiff's repeated complaints about same.

### STATEMENT OF CLAIMS

31. CDA listing itself as an equal employment company and having a company policy against discrimination, CDA intentionally discriminated against Plaintiff because of his race.

32. That Plaintiff was treated differently than non-Caucasian employees in the application of the terms and conditions of employment by reassignment and subjected to different terms and conditions of employment.

33. Further, CDA by its action or actions of its agents unreasonably interfered with the terms and conditions of Plaintiff's employment and created a racial and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

34. CDA's violation of the Civil Rights Act of 1964 has proximately caused Plaintiff to suffer damages.

35. The CDA's violation of Plaintiff's rights was wrongful and willful.

36. By reason of the racial discrimination of by TRANSUNION, LADD has suffered a loss of prestige and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**PRAYER FOR RELIEF AS TO COUNT III**

**WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:**

    f.    **Injunctive relief;**

    g.    **Any lost wages and other economic damages;**

    h.    **Compensatory damages for pain and suffering;**

    i.    **Attorneys' fees and costs incurred in this action;**

    j.    **Such other relief as is just and equitable.**

**RICK LANAS**
**BY:/s/ Michael T. Smith**
**Michael T. Smith**
**Trial Attorney**

**Michael T. Smith #6180407IL**
**10 Martingale Road, Suite 400**
**Schaumburg, Illinois 60173**
**(847) 466-1099**